Nichodson, C. J.,
delivered tbe opinion of the Court.
Wm. Tucker and two others, were indicted in the Criminal Court of Davidson county, at its January Term, 1872, for robbery, and Tucker was convicted of petit larceny, for which be was sentenced to ■ five years’ imprisonment in the Penitentiary. He has appealed to this 'Court.
*485 The error relied on for reversal, is, that in his charge, the Judge instructed the jury, that “the first count of the indictment (for robbery) includes not only robbery, but the lesser offense of larceny, which by our act of Assembly, may be either grand or petit larceny.” The first count charges the defendant with robbery, and with taking various articles of personal property, and United States Treasury notes, the property of one Peter Harris, from the person of said Harris, and against his will; which property the defendant and two others, did unlawfully, feloniously and violently rob, steal, take and carry away, &c. The jury found the defendant “not guilty of the force or violence or fear, as charged in the first count, but that he is guilty of petit larceny, as charged in said first count;” and they fix his punishment at five years in the Penitentiary.
The indictment was found under the Act of 1865, c. 5, s. 3, in these words: “That, whoever shall felo-niously rob another, or steal from his person, shall, on conviction thereof, suffer death by hanging: Provided, the jury before whom the offense is tried and convicted, may, if they think proper, commute the punishment to imprisonment in the Penitentiary for a period not less than ten nor more than twenty-one years.”
This section defines and provides for the punishment of two distinct offenses — robbery, and stealing from the person — both of which are to be punished with death. It repeals, by necessary implication, sec. 4632 of the Code, which punishes robbery with from five to fifteen years’ imprisonment; and sec. 4682, which punishes any one stealing from the person of another, with from three *486 to ten years’ imprisonment. Under the Code, the offenses of robbery, and stealing from the person, were distinct offenses, being subjected to entirely different punishments. As the law stood under the Code, under an indictment for robbery, the defendant might be convicted of stealing from the person, because stealing from the person was a lower grade of the offense of robbery. But, under the act of 1865, stealing from the person is elevated to the same grade as robbery, and the same punishment is affixed to each offense. The indictment in the present case, charges the defendant with robbery alone. It follows, that on the indictment, the defendant could not be found guilty of stealing from the person — that not being an offense of lower grade than robbery, as the law now is.
But the Criminal Judge charged the jury, that under an indictment for robbery, they might find the defendant guilty of petit larceny, as that was a lower grade of the same offense. The jury found that defendant was not guilty of robbery, but was “guilty of petit larceny, as charged in the first count;” which finding was intended to be responsive to the charge that petit larceny Avas a lower grade of robbery. The only question, then, is, does a charge of robbery include a charge of larceny? The well settled definitions of the tAvo words answer the question. Larceny is of two kinds — simple larceny, or theft, not accompanied with any atrocious circumstances; and mixed or compound larceny, which includes in it the aggravation of taking from one’s house or person, as in burglary or robbery: Webster’s Unabr. Lie. This definition of larceny is clearly recognized *487 in the Code, in defining tbe two offenses of larceny and robbery — the former is, therefore, a lower grade of the latter — and by see. 5122 of the Code, the jury were warranted in finding the defendant guilty of petit larceny, that being included in the charge for robbery.
There was, therefore, no error in the charge, and the judgment is affirmed.