## JOHN McTIGUE v. THE STATE.

1. CRIMINAL LAW. *Exceptions to venire or juror. When to be taken.* Objections to the venire, or to the grand jury summoned under it, must be taken before trial of the party indicted. He cannot except on this account after trial or conviction.

   Code cited: §4019.

2. SAME. *Indictment. When not defective.* An indictment charging robbery used the word "violently" instead of "forcibly," as employed by Code, §4631, defining that offence.

   *Held,* Not defective, the former word being equally as significant of force as the latter.

3. SAME. *Same. Same.* A count for robbery in an indictment under Code, §4633a is not bad for duplicity because the words "taking, stealing, and carrying away" are employed therein, such words being usual and appropriate, in charging that crime.

   Cases cited: Tucker v. The State, 3 Heisk., 484; Wright v. The State, 4 Hum., 194; State v. Jno. W. Lea, 1 Cold., 175; Hampton v. The State, 8 Hum., 69.

4. SAME. *Same. General verdict. When good.* Where an indictment contains several counts, a general verdict is good which sustains one good count, though others may be defective.

   Case cited: Isham v. The State, 1 Sneed, 111.

   Code cited: §5217.

---

### FROM DAVIDSON.

---

Appeal from the Criminal Court. THOMAS N. FRAZIER, Judge.

W. G. BRIEN, THOS. L. DODD, and QUARLES & THOMA for McTigue.

ATTORNEY-GENERAL for the State.

DEADERICK, J., delivered the opinion of the Court.

Plaintiff in error was convicted at January Term, 1874, upon an indictment for robbery and stealing from the person, under the Act of May, 1865, and sentenced to ten years imprisonment in the penitentiary.

A new trial having been refused he has appealed in error to this Court.

The first error assigned is, that one Stephens was improperly substituted upon the Grand Jury which found the indictment in place of Galbreath, who was excused from service—the alleged error consisting in the fact that Stephens was not of the original panel summoned, from which panel the juror should have been appointed, according to Code, §4019, which provides that a vacancy in the Grand Jury may be filled from the original panel, if any, and from bystanders if none, and it also objected that the record does not show that the substituted juror was a "good and lawful man."

The defendant pleaded not guilty, and was convicted upon that plea, and cannot now object to the venire, or the jurors summoned under it, unless he had taken exception thereto before the trial.

It is also objected that the word "forcible" used in the definition of robbery by our Statute is essential to the proper description of the offence. The Statute, Code, §4631, defines robbery to be "the felonious and

forcible taking from the person of another of goods or
money of any value by violence, or putting the per-
son in fear."

The first count in the indictment charges that the
prisoner and Wm. Erwin, who is not on trial, unlaw-
fully, feloniously, and violently did make an assault on
and upon David Wilds; and him, the said David Wilds,
in bodily fear and danger of his life then and there
feloniously did put, and one silver watch, of the value
of fifteen dollars, and one hat, of the value of one
dollar, of the goods and chattels and property of the
said David Wilds, from his person, and against the
will of the said David Wilds, then and there feloni-
ously and violently did rob, steal, take, and carry
away," etc.

This count of the indictment does not use the word
" forcibly," but, instead, the word " violently," which
is equally significant of force with that word as used
in the Statute, and the form of the count, with some
immaterial transposition of words, is in conformity to
that laid down in 2 Arch. Cr. Pr. and Pl., 521, and
in 3 Greenleaf on Ev., §223, where the definition of
robbery is given as " a felonious taking of property
from another by force."   In note 1 to that section
the form of an indictment is given, in which the word
" violently " is used instead of " forcibly," and which
is, in substance, identical with the first count of the
indictment in this case.

It is further insisted, that the first count is bad
for duplicity, as containing the charge of two felonies

of equal grade, to-wit: "robbery," and "stealing from the person."

The Act under which the indictment is framed provides, "Whoever shall feloniously rob another, or steal from his person, shall, · on conviction thereof, suffer death by hanging; *provided,* the jury before whom the offender is tried and convicted, may, if they think proper, commute the punishment to imprisonment in the penitentiary for a period of not less than ten nor more than twenty-one years." Act of 1865, Ch. 5, §3. Code, §4633a.

The indictment contains two counts, the first for "robbery," the second for "stealing from the person."

It is true, that the language of the first count is in part the same as that employed in the second count in describing the offence of "stealing from the person." But with the allegations that the defendant "violently and feloniously did make an assault," and feloniously "putting him in bodily fear and danger of his life," and from his person and against his will, felonionsly and violently taking, stealing, and carry away, etc., these words of taking, stealing, and carrying away are the appropriate and usual terms used in an indictment for robbery.

The second count charges simply that defendant "unlawfully and feloniously did steal, take, and carry away from the person of David Wilds," etc. It is the absence of the charge in this count of the assault, the putting in fear, or violence, which distinguishes the simple larceny therein charged from the robbery charged

McTigue v. The State.

in the first count.  The offences, however, are of equal grade, subjecting the offender to precisely the same punishment.

In *Tucker* v. *The State*, 3 Heisk., 484, Nicholson, C. J., delivering the opinion of the Court, says: That by the Act of 1865, " stealing from the person is elevated to the same grade as robbery, and the same punishment is affixed to each."  But in that case it is held that the indictment contained no other charge than that of robbery, and for that reason the defendant could not be found guilty of " stealing from the person," but that he might be found guilty of the offence of petit larceny, as being a lower grade of offence, and included in the higher grade charged in the indictment.

But that case did not hold that the two offences specified in the Act of 1865, might not be included in different counts of the same indictment.  This may be done, and was done in this case, and there was no error in refusing the motions of defendant, made at the May Term, 1873, to quash the indictment, and to compel the Attorney-General to elect upon which count he would try.

There is nothing upon the face of the indictment showing that there was duplicity in either count.  The defendant might have been guilty of robbery in taking at the same time the watch and hat, and so of the count for stealing from the person.  The two counts being founded upon the same transaction, it was proper to charge the offence in both aspects, so as to meet

the proof. 4 Hum., 194; 1 Cold., 175; 8 Hum., 69.

In this case there was no application at the trial term, or after the evidence was heard, to compel an election to try for robbery or stealing of the watch or hat. No objection was made to testimony in regard to the taking of the hat, and even if it were conceded that the taking of the hat was distinct from the taking of the watch, the evidence not having been objected to on the trial, its admission cannot be assigned as error here.

The charge is full and accurate in distinguishing between the two offences charged. The verdict of the jury was that the defendant was guilty in manner and form as charged in the indictment, and we are of opinion that the finding is well sustained by the proofs, and a general verdict is good when the proof sustains one good count, even if there be defective counts. 1 Sneed, 111; Code, §5217.

Other exceptions were taken to the charge, but we are of opinion that there is no substantial error therein, and affirm the judgment.