CHARLES FANNING *alias* REDBONE *v.* THE STATE.

CRIMINAL LAW. *Indictment. Larceny.* Upon an indictment for larceny from the person, the defendant may be convicted of larceny, the same being necessarily included in the offense charged.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county. MATT. W. ALLEN, J.

J. L. NOLEN for Fanning.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

The defendant was convicted of grand larceny upon an indictment containing two counts, one for larceny from the person, the other for obtaining money under false pretenses.

Motions in arrest of judgment and for a new trial having been overruled, he has appealed to this court.

On a former day of this term we held that the two offenses charged in this indictment, and that of

which defendant was convicted, being of equal grade, the indictment could not be sustained under section 5121 of the Code, and the case of *Tucker* v. *The State*, 3 Heis., 484, construing said section, was cited in support of this holding, as no one of the three offenses was of a lower grade than the others.

Since that opinion was announced our attention has been directed to another statute, section 5222 of the Code, which provides that the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged whether it be felony or misdemeanor: 8 Bax., 401; 2 Lea, 614; 7 Lea, 685.

The charge in the indictment is of larceny from the person, the verdict is for larceny, without finding it was committed by stealing from the person.

But larceny is necessarily included in the offense charged, of stealing from the person. Without this offense of larceny there could be no offense charged in the statute against stealing from the person. It is the larceny which makes it an offense, and the circumstance of its being committed by taking from the person, aggravated it into a higher grade of offense when the act of 1865 was passed, making it a capital felony. Since then the act, so far as the punishment is concerned, has been modified.

We are of opinion, therefore, that the charge of the court below, instructing the jury that they might find defendant guilty of larceny under the count charging larceny from the person was correct, and the judgment will be affirmed.