### HARRY BRENNAN v. STATE OF OHIO.

CONVICTION OF LESSER OFFENSE—ACCUSED NOT PREJUDICED.

A person is not prejudiced by being tried and convicted for larceny when he might have been tried and convicted of robbery, an aggravated larceny, for the same offense.

*Shay & Cogan*, for plaintiff in error.
*Schwartz, Darby & Ratliff*, for the state.

HEARD ON ERROR.

SWING, J.

The plaintiff in error, Henry Brennan, was tried and convicted on an indictment charging him with larceny. The proof tends to show that he was also guilty of robbery or picking pockets. It is claimed that a conviction can not be had for larceny when the proof also tends to show that robbery was committed. 2 Bishop's New Criminal Law, sec. 1156, defines robbery as follows:

"Robbery is larceny committed by violence from the person of one put in fear."

And at section 1159, says:

"The indictment for robbery charges larceny together with the aggravating matter which makes it in the particular instance robbery. For example, the property is described the same as in larceny. The ownership is in the same way set out, and so of the rest. Then, if what

aggravates the larceny to robbery is not proved at the trial, the defendant may be convicted of the simple larceny."

The following authorities support this statement of Mr. Bishop: 36 Mo., 372; 23 Ind., 21; 17 Wend., 386; 8 Tex. App., 135; 80 Tenn., 651 and 3 or 10. The plaintiff in error was not prejudiced in being tried and convicted for a larceny when he might have been tried and convicted of robbery, an aggravated larceny, for the same act and offense.

We do not find that any other errors alleged to be in the record are well taken, and the judgment is therefore affirmed.