WILSON THRONEBERRY

*v.*

RESOLUTE INSURANCE CO.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

EDWIN T. NANCE, Shelbyville, for appellant.

W. P. COOPER and ALLEN SHOFFNER, Shelbyville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Wilson Throneberry brought this action in the General Sessions Court of Bedford County, against the defendant, Resolute Insurance Company, to recover damages to his automobile under a policy of insurance issued him against certain hazards including theft of his automobile.

The Sessions Judge rendered judgment in favor of Throneberry and against the defendant for $450 and cost. The defendant prayed an appeal to the Circuit Court of Bedford County and in that court filed a demurrer to the civil warrant, and insisted that the warrant did not state a cause of action, because the facts alleged did not constitute a loss insured against under the terms of the policy. The Circuit Judge sustained the demurrer and dismissed the suit and this appeal resulted.

In the warrant, plaintiff averred in substance that he and his minor son were the owners of a certain automobile; that defendant, insurance company, executed to plaintiff a policy of insurance, insuring plaintiff against certain hazards including theft of said automobile.

Plaintiff's son, Dwight Throneberry, was driving the insured automobile on November 26, 1958, upon a country road in Bedford County, and was driving in an easterly direction about eleven o'clock p. m. with two companions, Enis Carter, Jr., and Simon Warner, Jr., when they met a State Highway Patrol automobile with its red signal light burning, driven by Spence Edwards, fleeing from a prison in Georgia, having later stolen the Patrol car from a State Trooper and also his gun.

The three boys were in the front seat of the Throneberry automobile. Edwards stopped the Patrol car, abandoned it, got in the rear seat of the plaintiff's automobile and put a pistol against the neck of Dwight Throneberry and told him to drive the car; that they were going to Nashville and if any of them tried to get away he would kill them.

As the automobile approached State Highway 41 Edwards stated that the roads to Nashville were blocked, and on orders of Edwards, Throneberry drove the car south into Alabama. It was driven as fast as it could go between 70 and 75 miles an hour until it neared the City of Birmingham. The automobile was hot, smoking and wouldn't run any farther. The three boys got out of the automobile and were commanded by Edwards to push the automobile while Edwards steered the car with one hand and held the gun with the other hand and steered the car into the ditch, and Edwards abandoned the car and fled on foot. Edwards was later captured in Texas.

The market value of the car at the time it was taken by Edwards was worth $585, and after abandoned it was worth for salvage $125 or a difference of $460.

The clause in the policy sued on is as follows:

"Coverage E—Theft: To pay for loss to the owned automobile or to a non-owned automobile caused by theft or larceny."

Section 39-4202, T.C.A., defines larceny:

"Larceny is the felonious taking and carrying away the personal goods of another, and is either grand or petit."

Certainly the acts of the driver of the car were not voluntary and it cannot be said that the boys freely gave it to Edwards at the point of a gun, and shows an intent on the part of Edwards to take the automobile feloniously.

One may be convicted of the crime of larceny under an indictment for robbery because larceny is included in the offense of robbery. *Tucker v. State,* 50 Tenn. 484; *McTigue v. State,* 63 Tenn. 313; *Fanning v. State,* 80 Tenn. 651. See also *Globe & Rutgers Fire Insurance Co. v. House,* 163 Tenn. 585, 45 S.W.2d 55.

It is insisted by the insurance company that the facts in the case at bar make out a case of robbery and is therefore not covered by the policy.

However, we think that when Edwards directed his pistol on the driver it amounted to a trespass and that Edwards took constructive possession of the car in Bedford County and it was against the will of the driver. Certainly, when Edwards made the three boys get out of the automobile and they were commanded to push the car while Edwards steered the car into the ditch and abandoned on foot, that this act certainly made Edwards in possession of the car at that time.

We think the trial judge was in error when he states in his memorandum "at no time, as I recall, did Edwards personally take charge of the car and cause the boys to abandon it."

We think his act in drawing a pistol on the boys and taking charge of the car amounted to a taking without their consent and that he was in possession of the car until he left it in the ditch in Alabama.

The record shows that the automobile was taken in the first instance at gun point. It was driven across the State line in this condition, and it was abandoned in another State at gun point because it couldn't go any further, and it may be inferred that otherwise Edwards would have driven it on to Texas.

We are of the opinion that the automobile was stolen and wrecked, then abandoned and that the insurance company is liable under coverage theft under the policy issued to the complainant.

It results that the judgment of the lower court will be reversed and judgment here entered in favor of the plaintiff and against the insurance company for the sum of $460 with interest from December 10, 1958, the date of the filing suit and all costs of the case.