WILLIS LEROY YOUNG, Petitioner, v. STATE OF
TENNESSEE, Respondent.

458 S.W.2d 635.

Court of Criminal Appeals of Tennessee. Feb. 12, 1970.

Certiorari Denied by Supreme Court May 18, 1970.

Thomas R. Henley, Knoxville, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty.
Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Knoxville,
for respondent.

OPINION

GALBREATH, Judge.

The complaints relied on by plaintiff in error who appeals from the dismissal of his petition for habeas corpus in the Knox County Criminal Court are twofold:

(1) Negroes and women were systematically excluded from the jury that convicted him of murder in the first degree;

(2) All members of the jury which sentenced him to ninety-nine years were required to express a belief in the death penalty.

While the overwhelming weight of the law on the subject is to the effect that a member of the Caucasian race cannot have an indictment quashed because of the exclusion of Negroes from the jury (See State v. Sims, 213 N.C. 590, 197 S.E. 176), it does not appear from our research that this exact question has been litigated in Tennessee. It might be that upon a showing of prejudice resulting from exclusion of members of a race other than his own, a defendant would be entitled to relief similar to that now available to a defendant forced to trial before a jury from which members of his race have been systematically excluded. A white civil rights worker from another state accused of crime while leading the black members of a southern rural community in a segregation march might legitimately complain if all of the Negroes of the county who had reason to respect and admire his convictions were excluded from the jury to make room for white citizens who might resent his presence in their midst.

■ We are not, however, in a position to determine the issue raised by the assignment of error challenging the racial and sexual composition of the jury in this case. It does not appear, nor is it alleged, that any objection was raised as to the absence of either black persons or women from the trial jury. Such a complaint should have been called to the attention of the trial court by an appropriate motion or plea in abatement. As pointed out by Judge W. Wayne Oliver of this Court in State ex rel. Lawrence v. Henderson, 1 Tenn.Cr.App. 199, 433 S.W. 2d 96:

> "If the defendant does not object by motion or plea in abatement, to the venire or to the jurors summoned under it, before he pleads to the indictment, an objection thereafter is too late. State v. Cole, 28 Tenn. 626; McTigue v. State, 63 Tenn. 313; Epperson v. State, 73 Tenn. 291; Dyer v. State, 79 Tenn. 509; Turner v. State, 89 Tenn. 547, 15 S.W. 838; Ellis v. State, 92 Tenn. 85, 20 S.W. 500; Chairs v. State, 124 Tenn. 630, 139 S.W. 711."

■ No merit is found in the contention of the petitioner that he was constitutionally deprived by selection of the jury on the basis of whether or not the individual members believed in capital punishment. The death penalty was not invoked and the United States Supreme Court in the case of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, prohibiting the imposition of the death penalty on such a jury's verdict said:

> "The petitioner contends that a State cannot confer

upon a jury selected in this manner the power to determine guilt. He maintains that such a jury, unlike one chosen at random from a cross-section of the community, must necessarily be biased in favor of conviction, for the kind of juror who would be unperturbed by the prospect of sending a man to his death, he contends, is the kind of juror who would too readily ignore the presumption of the defendant's innocence, accept the prosecution's version of the facts, and return a verdict of guilt. To support this view, the petitioner refers to what he describes as 'competent scientific evidence that death-qualified jurors are partial to the prosecution on the issue of guilt or innocence.'

"The data adduced by the petitioner, however, are too tentative and fragmentary to establish that jurors not opposed to the death penalty tend to favor the prosecution in the determination of guilt. We simply cannot conclude, either on the basis of the record now before us or as a matter of judicial notice, that the exclusion of jurors opposed to capital punishment results in an unrepresentative jury on the issue of guilt or substantially increases the risk of conviction. In light of the presently available information, we are not prepared to announce a per se constitutional rule requiring the reversal of every conviction returned by a jury selected as this one was."

In a companion case argued and decided at the same time as Witherspoon the Court applied the same reasoning to a case in which, as here, the jury was qualified on the death penalty but fixed punishment by confinement

in the Penitentiary. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797.

The judgment is affirmed.

RUSSELL and MITCHELL, JJ., concur.