**George Matt ROBINSON, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

April 25, 1975.

Certiorari Denied by Supreme Court
Aug. 11, 1975.

Phillip C. Lawrence, Chattanooga, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Bart Durham, Asst. Atty. Gen., Stanley Lanzo, Asst. Dist. Atty. Gen., Chattanooga, for respondent.

## OPINION

DWYER, Judge.

From the dismissal of his post conviction petition filed under the Post Conviction Procedure Act, see T.C.A. 40–3801 et seq., after an evidentiary hearing, this appeal by court appointed counsel raises the constitutional question of the composition of the jury venire at petitioner's trial.

The petitioner is incarcerated in the State Penitentiary serving a life sentence for committing the offense of rape for which he was sentenced on June 25, 1932.

The thrusting allegation of his assignments of error, here attacking the dismissal of his petition, may be summarized succinctly in this manner: The venire of the Hamilton County Court system in 1932 was constitutionally unsound in that systematic exclusion of blacks from that venire deprived petitioner of a trial by his peers. This urging is pressed, recognizing the holding in *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235, that a plea of guilty forecloses raising this constitutional question. The petitioner contends that his assignment is distinguishable from the holding there, due to the fact that he pled not guilty and was tried by jury. He reasons that, though represented by retained counsel, he had not concurred in any waiver of his right to attack, before his trial, the composition of the venire.

He distinguishes *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216, which affirmed rule 12(b)(2) of the Federal Rules of Criminal Procedure in its requirement that such allegations be raised by pre-trial plea or be waived on the grounds that there is no comparable waiver rule known in Tennessee law.

The state ably counters with the urging that there is a Tennessee Rule of Procedure which requires that a plea in abatement raising the question be timely filed prior to a plea to the merits, see *State v. Cole,* 28 Tenn. 626; *McTigue v. State,* 63 Tenn. 313; *Young v. State,* 3 Tenn.Cr.App. 166, 458 S.W.2d 635, among others, and that in the absence of such plea in abatement the question is foreclosed. The state then reasons that petitioner's question is foreclosed under the tenets of *Davis v. United States,* supra, inasmuch as he pled not guilty and had not raised the question by a plea in abatement.

The learned trial court sitting by designation, held (1) that blacks were occasionally

found in jury venires at the time of conviction and (2) that no plea in abatement had been filed and that, therefore, the question was waived.

At the evidentiary hearing, proof was adduced through the petitioner's testimony in which he related that blacks were called at his trial but were excused by challenges.

The nucleus of petitioner's reasoning appears to be centered on statements put forth by this court in its concurring opinion in *State ex rel. Henderson v. Russell,* 3 Tenn.Cr.App. 204, 211, 459 S.W.2d 176. These statements subsequently were found to be baseless by the United States Supreme Court, see *Tollett v. Henderson,* 411 U.S. 258, 276, 93 S.Ct. 1602, 1612, 36 L.Ed.2d 235.

In our view, however and we so hold, petitioner has foreclosed his question by not timely asserting it before his not guilty plea to the merits.

The judgment of the trial court in dismissing the petition is affirmed.

WALKER, P. J., and Duncan, J., concur.