MANSON, Plaintiff in error, v. STATE, Defendant in error.†

Court of Appeals

*No. 79–131–CR. Submitted on briefs August 20, 1979.— Decided September 20, 1979.*
(Also reported in 284 N.W.2d 703.)

† Petition to review granted.

For the plaintiff in error the cause was submitted on the briefs of *Richard L. Cates*, state public defender, and *Mark Lukoff*, first assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Chris C. Heikenen*, assistant attorney general.

Before Decker, C.J., Moser, P.J. and Cannon, J.

DECKER, C.J. Defendant Manson seeks review of the trial court's judgment of conviction and its order denying the defendant's motion for a new trial on the charge of armed robbery. The issue raised is whether the instruction to the jury that conviction for armed robbery may be based on a finding of force *or* threat of force denied defendant's right to a unaminous jury verdict under sections 5 and 7 of Article I of the Wisconsin Constitution.

On the reasoning set forth in *Holland v. State*, 91 Wis.2d 134, 280 N.W.2d 288 (1979),[1] we hold that it does not.

Testimony established that on December 16, 1977, defendant entered the Rexnord Credit Union. Assistant Manager Gregory Price was standing at a counter near the teller windows. Manson approached Price, held a gun to his face, and ordered him to fill a bag which Manson had placed on the counter. As Price reached for the cash drawer, Manson said, "I mean business," and then shot Price in the leg. After entering the manager's office,

---

[1] *Accord, Wray v. State*, 87 Wis.2d 367, 275 N.W.2d 731 (1978).

Manson returned to the teller area. He ordered bank employee Terri Sponholtz and another employee to empty the money drawers from all four windows into the bag. They complied. During this time, Manson pointed the gun at Sponholtz several times.

Manson fled with the money. Police, responding to an activated alarm, arrived and exchanged gunfire with Manson. Manson drove to 54th Street where he entered a home and ordered the occupant to call him a cab. Police arrested Manson in the cab where they also found the bag and gun.

Manson testified that he was in the area of the credit union at the time of the robbery, but denied complicity. He stated that he was walking past the credit union when he was shot. Manson said he saw a parked car with the engine running, ran to the car for cover, left in the car, and entered the home on 54th Street. He testified that he found the bag and gun in the car.

The judge instructed the jury that the third element of armed robbery was "that the defendant used force . . . or threatened the imminent use of force." The jury was also advised that "if you find that Terri Sponholtz and Gregory Price had possession of the money" and "that the defendant either used force against the persons in possession . . . or that the defendant threatened the imminent use of force against the person in possession . . . then you should find the defendant guilty of armed robbery." The defendant did not object to this instruction at the time it was given.

Defendant argues that he was denied his constitutional right to a unanimous jury verdict when the court defined armed robbery to the jury in the disjunctive.

As a preliminary objection, the state argues that the defendant waived this objection by failure to object prior to submission to the jury. We don't disagree, we simply

exercise our right to consider it on appeal. This court has recognized that a court may review an instruction for error when the defendant charges that the instruction misstates the law. *Wray, supra* note 1, at 373, 275 N.W. 2d at 734. Also, a court may consider a constitutional issue for the first time on appeal where it is in the interest of justice. *State v. Dreske,* 88 Wis.2d 60, 73–4, 276 N.W.2d 324, 331 (Ct. App. 1979). *Accord, Ramaker v. State,* 73 Wis.2d 563, 570, 243 N.W.2d 534, 538 (1976). Defendant's constitutional claim merits attention as the supreme court has only recently considered a similar issue. *Holland v. State, supra.*

In *Holland,* the court held that the right to a unanimous jury trial as guaranteed by sections 5 and 7 of Article I of the Wisconsin Constitution is not violated where the trial court instructs the jury as to the accomplice and principal liability as a party to a crime disjunctively without requiring the jurors to agree on the specific manner in which the defendant was a party to the crime. The court reasoned that the unanimity rule does not require jury unanimity on the manner or theory of participation in a crime. Rather, the essence of the unanimity rule is that the jury be convinced beyond a reasonable doubt on *each essential element* of the offense.

The determination in the present case rests on construction of the elements of robbery as set out in sec. 943.32(1), Stats. We agree with the trial court that force for the purpose of overcoming the resistence of the victim is one element of the crime which can be established in multiple or alternative ways through evidence of its use or evidence of the threat of its imminent use. The words of the statute require a taking of property from the person or presence of the owner with intent to steal "by force." The statute speaks of two alternative

"means" by which "force" may be utilized—the use of force and the threat of the imminent use of force. The common feature, or element, is force.

Defendant contends that this conclusion contradicts two prior Wisconsin cases: *State v. Williamson*, 84 Wis. 2d 370, 396, 267 N.W.2d 337, 349 (1978) and *Schleiss v. State*, 71 Wis.2d 733, 239 N.W.2d 68 (1976). Both cases are quoted for the proposition that robbery by use of force is a crime distinct and separate from robbery by threat of force. We disagree. Concededly, statements to this effect can be found, but these statements are not persuasive because they were not necessary to the holding of the cases, and therefore, were not carefully considered.

The court in *Williamson* held in part that a disjunctive jury instruction could not be prejudicial error where the crime charged is 943.32(1)(b), Stats., armed robbery by threat of force. The court in *Schleiss* held that the trial court had subject matter jurisdiction over the defendant on a charge of burglary under sec. 943.10, Stats., though the charge did not contain the statutory language concerning one of the elements because the allegations fairly informed the defendant of the charge against him. In neither case was the statement that 943.32(1)(a) and 943.32(1)(b) are distinct crimes necessary to decide the case.

The statements also lack persuasiveness because they are based on misconstruction of precedent. In support of its statement that 943.32(1), Stats., created two distinct crimes, the court in *Williamson* relied solely upon *Schleiss* which in turn relied on *Champlain v. State*, 53 Wis.2d 751, 193 N.W.2d 868 (1972). Such reliance was unjustified. The court in *Champlain* held in part that a count which fails to allege force or threat of force does not allege armed robbery as defined in 943.32(1) and (2). *Champlain* at 753, 193 N.W.2d at 871. In distinguishing *Champlain* from the facts in *Schleiss*, the *Schleiss* court,

without setting forth reasons or citing authority, concluded that 943.32(1) defines two crimes. This proposition also escaped close scrutiny in *Williamson* where the state conceded the point in the process of prevailing on appeal.

In reaching the conclusion that the instruction was proper, we do not violate the spirit of *United States v. Gipson*, 553 F.2d 453 (5th Cir. 1977). *Gipson* teaches that where the acts charged are conceptually distinct crimes, it is error to instruct the jury that it may find the defendant guilty if each juror finds that the defendant did any of the acts charged. The court reasoned that acts charged are not distinct crimes if a single act can constitute both crimes or be characterized by a juror as either. *Gipson* at 458.

In *Gipson*, acts of bartering, selling, and disposing were found conceptually distinct from acts of receiving, concealing, and storing. By contrast, use of force and threat of force are not conceptually distinct. As discussed above, they are means of utilizing the single common element of force. The same act may be characterized as use of force or threat of use of force. For example, one juror may view the act of shoving with a gun as use of force while another as threat of use of force. A shout, violent gesture, or shove could be similarly construed.

The instruction to the jury that conviction for armed robbery may be based on a finding of use of force or threat of use of force did not deny the defendant the right to a unanimous jury verdict. The trial court's order denying the defendant's motion for a new trial on the charge of armed robbery is affirmed.

*By the Court.*—Judgment and order affirmed.