**Daniel GREY and Gregory Smith, Plaintiffs-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Aug. 11, 1976.

Certiorari Denied by Supreme Court
Sept. 13, 1976.

Jay Fred Friedman, Memphis, for plaintiffs-in-error.

R. A. Ashley, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Donald D. Strother and James W. Harrison, Asst. Dist. Attys. Gen., Memphis, for defendant-in-error.

## OPINION

DWYER, Judge.

The plaintiffs-in-error, Daniel Grey and Gregory Smith, were convicted at a trial on consolidated indictments for committing the following offenses: assault to commit murder in the first degree, with punishment of confinement for not less than six nor more than fifteen years, and three counts of robbery with a deadly weapon with punishment of confinement for sixty-five years on each count. The trial court ordered the sentences to run consecutively.

The evidence accredited by the verdict of the jury reflects that the Perel and Lowenstein's Jewelry Store, located in the Poplar Plaza Shopping Center in the City of Memphis, was robbed at gunpoint by the resolute plaintiffs-in-error on the afternoon of July 6, 1974. The plaintiffs-in-error entered that store at closing time and herded the employees into an engraving room and handcuffed them. They then ransacked the display cases and safe obtaining currency, watches and rings. When they fled, an immediate alarm was given to the police along with descriptions of the two black holdup men, which precipitated an unusual amount of response activity by the police. The plaintiffs-in-error while fleeing in a car, were observed by an officer cruising in the vicinity of the holdup. This officer followed the car and when it pulled into a parking lot the officer approached the car to investigate it. He saw the two plaintiffs-in-error alight armed with pistols and carrying a briefcase. They then commandeered a Thunderbird automobile at gunpoint from a citizen and fled in this stolen car after the plaintiff-in-error, Grey, fired a shot at the approaching officer, who returned the fire.

A short time later, in the general area where the Thunderbird was taken, these two plaintiffs-in-error entered a residence and at gunpoint and with threats obtained the keys to a car from the female occupant of that home and continued their escape in this second stolen car. A prompt call by this victim to the police intensified their search for these desperadoes.

An off-duty officer spotted Grey afoot in the general locale and, since he fit the description of one of the armed thieves, stopped and arrested the armed Grey at gunpoint.

Another officer in the vicinity, passing a grocery store looking for suspects fitting the descriptions, saw Smith coming out of the store. He noticed Smith, after seeing the police car, stop, his eyes get large and his furtive manner in reentering the store which prompted the officer to stop and investigate. As he entered the store, he saw Smith running inside and at gunpoint ordered Smith to halt. Smith, after being advised of his rights, stated that he had been the driver of one of the cars but did not shoot at the officer.

A quantity of the stolen merchandise was recovered from the Thunderbird.

At a lineup the next day both plaintiffs-in-error were identified by the store manager and another employee with two other employees identifying Smith. The owners of the automobiles identified both Grey and Smith at the lineup.

The first assignment of error attacks the arrest of both plaintiffs-in-error on the premise that probable cause was lacking. We disagree. When officers are responding to a series of armed robberies

and observe suspicious actions as outlined afore, coupled with descriptions and being in the vicinity, they have probable cause to arrest. The officers are not required to have absolute assurance but only probable cause to believe a person arrested committed the offense. It was not, as contended, a dragnet-type operation as condemned in *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). The arrest complies with the definition of reasonable cause as found in *Jones v. State*, 161 Tenn. 370, 374, 33 S.W.2d 59 (1930). This assignment is overruled.

We find nothing improper or suggestive about the lineup procedure used in this case. The trial court conducted a full hearing out of the presence of the jury and found the lineup to be proper. There was evidence from a public defender that he was called to represent the plaintiffs-in-error and from his observations the lineup was fair. This pre-indictment lineup from our review of its totality was fair. *Craig v. State*, Tenn.Cr.App., 506 S.W.2d 949, 950 (1973). This assignment is overruled.

We find no error in the trial court's denial of a mistrial when it appeared a wanted poster on the defendants in the files of the attorney general was in view of the jury. While we think the attorney general's inadvertence is incompatible with his duties as outlined in *Foute v. State*, 4 Tenn. 98, 99 (1816), the prompt instructions of the court to the jury not to consider it cured any error. This assignment is overruled.

The trial court detailed his reasoning for ordering the sentences to be served consecutively, i. e., different crimes, at different times, accompanied by armed force and threats of serious bodily harm. We find no abuse of discretion here. This assignment has no merit and is overruled.

With no objection to the trial court charging on the parole law and no assignment made in the motion for new trial, we find no error here and this assignment is overruled.

We think the jury was justified in concluding that Grey pointing a pistol in the officer's direction and firing a shot at the pursuing officer while in the act of fleeing from an armed robbery was sufficient evidence to sustain the assault to commit murder in the first degree conviction. His act was then the act of his cohort, Smith. *Woodruff v. State*, 164 Tenn. 530, 537, 51 S.W.2d 843 (1932). This assignment is overruled.

We think the trial court was eminently fair in the manner in which he presided over the proceedings. There is evidence that the court was aware of escape and other pre-trial in-custody antics of the plaintiffs-in-error. This would not be adequate grounds for the court to recuse itself nor is it sufficient evidence of non-impartiality. This assignment is overruled.

We find no merit in plaintiffs-in-error's argument that these four offenses were only one criminal event and should therefore result in one punishment. The evidence is sufficient to sustain convictions of these multiple and separate crimes according to the law as interpreted by both the Supreme Court of Tennessee and the Supreme Court of the United States. *State v. Black*, Tenn., 524 S.W.2d 913, 918, 919 (1975); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We overrule this assignment.

We find no error in the trial court's consolidation of the four crimes in one trial. *Hunter v. State*, 222 Tenn. 672, 681, 682, 440 S.W.2d 1 (1969). Nor do we find error in his denial of Smith's motion for a severance. *Hunter v. State*, supra. With the argument of Grey not in the record, there is no evidence to support Smith's assertion he was prejudiced thereby. These assignments are overruled.

The judgments of the trial court are affirmed.

WALKER, P. J., and O'BRIEN, J, concur.