**Frazier LUMPKINS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 21, 1979.

Certiorari Denied by Supreme Court
June 11, 1979.

Dan Garfinkle and Robert M. Garfinkle, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, Elmer D. Davies, Jr., Dist. Atty. Gen., Franklin, for appellee.

WALKER, Judge.

## OPINION

The sole question raised in this appeal is whether Frazier Lumpkins was twice placed in jeopardy, in violation of the guarantees of the Fifth Amendment of the United States Constitution and Article 1, Section 10, Tennessee Constitution, by convictions in Davidson and Williamson Counties for concealing stolen property and for robbery, respectively. On April 4, 1978, Lumpkins entered a plea of guilty in Davidson County for concealing stolen property. After unsuccessfully urging the Circuit Court for Williamson County that prosecution for armed robbery there would constitute double jeopardy, the appellant pled guilty on April 24, 1978, to simple robbery, and a sentence of not more nor less than seven years was imposed. He reserved the right to appeal the denial of his motion to dismiss. Tenn.R.Cr.P. 37(b)(2)(i).

It was stipulated by the parties that the green 1976 Corvette and .12 gauge single barrel Tiger brand shotgun which Lumpkins admitted concealing in Davidson County were the same items taken in the Williamson County robbery. The Williamson County presentment charged that these items were taken from Jackie Hicklen on October 11, 1977, while the Davidson County indictment alleged that Lumpkins had concealed these goods there in October 1977, without specifying the exact date. As already noted, the Davidson County conviction preceded that of Williamson County contested here by Lumpkins.

In this appeal, Lumpkins argues that his double jeopardy rights were violated because the concealing of the stolen property and the robbery were so closely related that

the same evidence is necessary to prove the elements of both offenses. He also urges that his prosecution in two counties pursuant to the same offense is constitutionally impermissible because the State of Tennessee is a single sovereignty, regardless of political subdivisions within the state. Both aspects of his assignment of error have merit, and the Williamson County robbery conviction must be reversed.

 According to the provisions of TCA 39–4218, a defendant can be convicted of not more than one offense of larceny or receiving or concealing stolen property for a single felonious transaction. The Tennessee Supreme Court has defined robbery as aggravated larceny, noting that the criminal intent necessary to proof of larceny may be inferred under appropriate circumstances. *State v. Scates,* 524 S.W.2d 929 (Tenn. 1975). *See also, e. g., State v. Winsett,* 217 Tenn. 564, 399 S.W.2d 741 (1965). Prosecutors may not circumvent the double jeopardy clause by dividing a single crime into separate temporal or spatial units, even though the perspective of a given authority may vary from that of law enforcement officials with overlapping jurisdiction over a given defendant. *Brown v. Ohio,* 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The same elements required to prove the concealing charge were also necessary to the robbery conviction in this case. Thus, the dual convictions may not stand. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *State v. Black,* 524 S.W.2d 913 (Tenn.1975).

Neither is there any legal significance for double jeopardy purposes to the fact that these convictions were in separate counties. The subdivision of a sovereign state into various political sections does not alter the limitation on that sovereign's power constitutionally to impose punishment for crimes; a single sovereignty may impose only a single punishment for a single offense. *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). *See also United States v. Wheeler,* 435 U.S. 313, 320–321, 98 S.Ct. 1079, 1084–1085, 55 L.Ed.2d 303, 311–312 (1978).

The General Assembly clearly intended that larceny related charges stemming from a single felonious transaction subject a defendant to a single punishment under our law. *See* TCA 39–4218. Lumpkins is guilty of such conduct but may be convicted of only one offense for the behavior in question. This robbery conviction is accordingly reversed and the case dismissed.

It is so ordered.

RUSSELL, P. J., and RAYMOND H. LEATHERS, Special Judge, concur.