STATE of Tennessee, Appellant,

v.

Robert A. LOWERY, Appellee.

Supreme Court of Tennessee,
at Knoxville.

March 12, 1984.

Kimberly J. Dean, Asst. Atty. Gen., Nashville, for appellant; William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, of counsel.

Larry R. Dillow, Kingsport, for appellee.

## OPINION

DROWOTA, Justice.

The single issue presented on appeal of this case is whether the Defendant may be convicted of both robbery with a deadly weapon under T.C.A. § 39-2-501 (formerly § 39-3901) and of grand larceny under T.C.A. § 39-3-1101 (formerly § 39-4202) based upon a single criminal episode. The Defendant was convicted of these two crimes by a jury and sentenced to serve fourteen years for the robbery conviction and not less than three years nor more than five years for the grand larceny conviction, the sentences to run consecutively.

The conviction was appealed on the grounds that the use of a weapon was not proven, and, therefore, the judgment should be reduced to robbery. The Court of Criminal Appeals held that the evidence was sufficient to support the Defendant's conviction for robbery with a deadly weapon. However, citing the plain error rule, the court set aside the grand larceny conviction stating:

> The evidence reflects that at gunpoint the appellant not only took the service station's money but also Ms. Brewer's car keys. The appellant acted with a single intent to rob two items, the money and the car. It would be straining the law to carve two offenses out of these circumstances. *State v. Hammonds*, 616 S.W.2d 890 (Tenn.Cr.App.1981); *Keener v. State*, 598 S.W.2d 836 (Tenn. Cr.App.1980). In the absence of some clear break in the chain of events to complete the armed robbery offense and then commence the grand larceny offense, there was only an armed robbery. The actual taking of the car was a completion of the appellant's initial act of obtaining the keys from the victim at gunpoint. See *State v. Black*, 524 S.W.2d 913 (Tenn.1975).

The state appeals that ruling.

The facts of this case are not complicated and the Court of Criminal Appeals sets forth the evidence as follows:

A Ms. Brewer, clerk in the I–81 Shell Service Station located in Sullivan County, was robbed at gunpoint by the appellant around 6:30 p.m. on August 13, 1980. He ordered Ms. Brewer to put the money in a paper bag. He also informed her that he had a gun. Ms. Brewer testified that she saw only the black barrel of a gun wrapped in a newspaper. She emptied the cash register of over $900, placed it in a bag, and gave the bag to the appellant. He then took her car keys, went outside, and drove off in her car which she valued at four to five hundred dollars. When the appellant was arrested he admitted the robbery and admitted, in his statement which was introduced into evidence, that he had a gun. He did not testify and offered no proof.

Any discussion of multiple convictions in a single trial must begin with the leading case of *State v. Black, supra.* In that case, this Court addressed the question of whether the Defendant was properly convicted of both robbery by use of a deadly weapon and assault with intent to commit murder in the second degree. The *Black* Court held that two separate and distinct offenses occurred and two different convictions could stand where the defendant robbed the victim at gunpoint then stepped back and shot the victim in the leg from a distance of twelve to eighteen inches. The Court cited several factors relevant for determining this issue. These factors were summarized by the Court of Criminal Appeals in *Greer v. State,* 539 S.W.2d 855 (1976), and restated by this Court in *State v. Davis,* 613 S.W.2d 218 (Tenn.1981). They are as follows:

(1) whether the episode or transaction constitutes a violation of two distinct statutory provisions; (2) whether either of the offenses is a necessarily included offense of the other; (3) whether each of the offenses requires proof of a different element; and (4) whether each requires

proof of an additional fact which the other does not.

613 S.W.2d at 220.

Turning to the case before us, we apply the above stated factors. First, whereas armed robbery and grand larceny are codified in two distinct statutory provisions, these provisions do not protect separate and distinct interests, but overlapping interests. Both provisions protect property interests, and the provision against armed robbery additionally protects people from the violent acts of others. Second, larceny is necessarily a lesser included offense of robbery. *McCracken v. State,* 548 S.W.2d 340, 342 (Tenn.Cr.App.1977); *Throneberry v. Resolute Ins. Co.,* 206 Tenn. 216, 219, 332 S.W.2d 227, 229 (1960).[1] The third and fourth factors, whether each offense requires the proof of a different element and an additional fact are answered affirmatively; however, a closer examination of the facts and circumstances of this case suggests that these factors are not determinative of the issue.

The State points out that armed robbery requires proof of forcible taking from the person which larceny does not, and grand larceny requires proof of value which is not required to prove armed robbery. This argument is appealing but, as aptly stated by the Court of Criminal Appeals, it strains the law in order to carve out separate offenses. In the first place, as noted above, larceny is a lesser included offense of robbery, a factor not present in *State v. Davis,* supra; *Greer v. State,* supra; or *State v. Brittman,* 639 S.W.2d 652 (Tenn.1982). (*Brittman* involved convictions of aggravated rape and incest based upon a single act of intercourse.) Also, we point out while grand larceny does require proof of value over two hundred dollars, a conviction of larceny without proof of value will stand as petit larceny. *See State v. Hammonds, supra,* (the state failed to prove the value of the stolen automobile, and the defendant was convicted of petit

---

1. Robbery is considered to be aggravated larceny. *State v. Scates,* 524 S.W.2d 929, 931 (Tenn. 1975); *Keener v. State,* supra, at 839.

larceny rather than grand larceny. That conviction was set aside for reasons hereinafter stated.) In other words, it is not necessary to prove value in order to convict for larceny; the element of value becomes important when determining whether the larceny is grand or petit, a determination that will ultimately affect the sentence imposed. Furthermore, a charge of robbery without proof of forcible taking from the person will result in a conviction of larceny where proof of taking and carrying away of another's goods is established. *See McCracken v. State, supra.* The point to be made is that value is important to elevate the crime of larceny from petit to grand, but it is not essential to prove in order to establish larceny. The graveman of a larceny charge is the taking and carrying away of the goods of another.

Although the *Black* court delineated these guidelines for determining these issues, the operative language in *Black* points out the importance of recognizing that each case is different.

> Some aspects of double jeopardy may arise in many different types of cases, and the circumstances which give rise to the question are so varied and the fact situations so numerous that we do not deem it expedient to attempt to formulate a rule to fit all possible situations. The cases, from their nature, have to be dealt with by analysis of the particular situations as they arise.

524 S.W.2d at 914.

*Keener v. State, supra,* involved facts that are very similar to those in the present case. The defendant in *Keener* broke into the victim's home and while holding him at gunpoint took his car keys and other items from his house. They forced him into the trunk of his car, and while there confined, loaded his car and camper with the items taken. The Court concluded that taking of the various items described in the indictment constituted the same offense.

> [W]e do not think the evidence is sufficient to establish the offenses of stealing Nolen's Oldsmobile and of stealing his camper, separate and apart from the theft of the items taken from his home by force and intimidation, which formed the basis for the robbery charge. Larceny is defined by Tennessee law as "the felonious taking and carrying away of the goods of another." T.C.A. § 39–4202.[2] Our courts have held that robbery is but an aggravated form of larceny. *State v. Scates,* 524 S.W.2d 929 (Tenn.1975). Thus, separate convictions for both larceny and armed robbery involving the same offense cannot be permitted to stand under Tennessee law. *State v. Black,* 524 S.W.2d 913 (Tenn. 1976).
>
> Is the taking of the various items described in the indictment the "same offense"? We conclude, under the proof in this case, that it is. In the first place, the record shows that the keys to the two vehicles were taken by Keener from inside the house, while Nolen was being held there at gunpoint. A fair reading of the evidence thus indicates that the defendants' intent to steal the vehicles was formed at the same time that the other items enumerated in the armed robbery count were taken. Several articles specified in that count were actually loaded into the camper while Nolen was being confined by force in the trunk of the Oldsmobile. It is therefore clear beyond question that the intent to steal both the Oldsmobile and the camper arose considerably in advance of the time that the two vehicles were actually driven away and that the "taking and carrying away" of those items removed from the house (including the keys to the vehicles) and the vehicles were completely commingled. Furthermore, had the defendants taken nothing other than the Oldsmobile and the camper, under the same circumstances as appear in this record (that is, after an assault on Nolen and the use of force and intimidation), the taking of the vehicles alone would have supported a charge of robbery.

598 S.W.2d at 839.

More recently, in *State v. Hammonds, supra,* the Court of Criminal Appeals dis-

---

**2.** Presently codified at T.C.A. § 39–3–1101.

missed a petit larceny conviction even though the evidence did not establish whether or not the defendant took the car keys from the victim.

The facts in *Keener* are similar to the facts in the case at bar; however, in the *Keener* case, the proof affirmatively indicated that the keys to the stolen automobile were taken inside the house from the possession of the victim and that the automobile was being loaded with the stolen merchandise during the course of the robbery. In the instant case, the evidence does not show when or how the keys to the automobile were procured or when the stolen merchandise was loaded into the automobile. Under the circumstances of *Keener*, this court held that the taking of the automobile was an element of robbery and dismissed the conviction for the larceny of the automobile. In the case before us, with no evidence as to when the keys to the automobile were procured or no other evidence giving the particulars of the taking of the automobile, we must follow the rationale of *Keener* and release Hammonds of the petit larceny conviction.

616 S.W.2d at 895.

In the present case, the evidence conclusively establishes that the Defendant took the victim's car keys from her, while holding her at gunpoint, and immediately thereafter, took her car.

This Court has held that two convictions for robbery can not stand where two defendants took money and merchandise from a gas station and at the same time took the gas station attendant's purse. *State v. Henderson*, 620 S.W.2d 484 (Tenn. 1981). In that case, one of the defendants held the victim at gunpoint in a car while the other took cigarettes, rolled coins and the victim's purse from the office of the gas station. The two defendants then drove away with the victim and subjected her to sexual abuse. During that period of time, one of the defendants took fifty dollars from her purse.

Noting that multiple convictions of robbery have been sustained where the defendant robs more than one person during the course of a single criminal episode, *See Moore v. State*, 563 S.W.2d 215 (Tenn.Crim. App.1978), this Court set aside one of the robbery convictions.

The elements necessary to make out the offense of robbery are the taking of goods *from the person* by forcible means, violence or putting the person in fear. *See Morgan v. State, supra* [220 Tenn. 247, 415 S.W.2d 879 (1967)]. In this case only one owner was present in person when the robbery took place. In all of the cases cited, dual or multiple convictions were based upon the presence of two or more persons and the forcible taking, actual or constructive "from the person" of property belonging to each. Under the present facts, we do not have two persons from whom property has been forcibly taken. We cannot sustain two robbery convictions on the basis that items belonging to Gifford Company were taken from its employee, who had custody and control of the employer's property at the same time employee's pocketbook was forcibly taken.

620 S.W.2d at 486.

The instant case presents facts that are quite similar to those in *Henderson*. There is one victim from whom two items were forcibly taken. Under the authority of *Henderson*, the Defendant could not be convicted of two armed robberies, therefore, the State seems to have ignored the greater crime of armed robbery and reclassified it as one of grand larceny. This was made simple by the fact that both crimes require proof of the elements of taking and carrying away goods of another. *See* 4 Wharton, *Criminal Law*, § 472 (1981). Furthermore, the State argues that the Defendant completed the robbery in the gas station before committing the larceny outside.

As noted above in *State v. Keener, supra*, the court suggested, in dicta, that an armed robbery conviction would have been sustained had the defendant taken only the car and nothing else. The facts of the case before us compel the same conclusion, and

cases with similar facts have reached that result. In *Grey v. State*, 542 S.W.2d 102 (Tenn.Crim.App.1976), two defendants were convicted, *inter alia*, of robbery with a deadly weapon where they had "entered a residence and at gunpoint and with threats obtained the keys to a car from the female occupant of that home" and then took her car. *Id.* at 103. The similarity between the facts in *Grey* and those in the present case is clear. The only difference is that the Defendant in the case at bar took $900.00 in addition to the automobile belonging to the victim. As stated in *Lumpkins v. State*, 584 S.W.2d 244 (Tenn. Cr.App.1979), "[p]rosecutors may not circumvent the double jeopardy clause by dividing a single crime into separate temporal and spatial units," *Id.* at 245, and, as in this case, renaming the criminal act in order to secure separate convictions.

 The Court of Criminal Appeals, in setting aside the grand larceny conviction, held that the Defendant "acted with a single intent to rob two items," and the State contends that the Court improperly inferred intent. The State argues that the question of intent is entrusted to the jury, and the jury could have found that the Defendant formed the intent to steal the automobile after leaving the gas station. It is proper to infer intent from surrounding facts and circumstances. *Hall v. State*, 490 S.W.2d 495 (Tenn.1973); *Burns v. State*, 591 S.W.2d 780 (Tenn.Cr.App. 1979); *Prince v. State*, 542 S.W.2d 842 (Tenn.Cr.App.1976). However, there must be sufficient evidence to sustain the inference. The record in the instant case can only support the conclusion that the Defendant acted with a single intent to rob the victim of two items. Nowhere can it be found in the record that the Defendant formed the intent to take the car after leaving the gas station. The Defendant gave the following statement to the arresting officer:

> I was sitting outside of the Shell Station waiting for a chance to go in when there was no one in the station. I went in and I told the lady I have a gun. I told her

to put the money in the bag and I told her to give me her car keys and I left. I went and took the car off of Memorial Boulevard on Summit Drive. I got out of the car and walked to the service station, Exxon station and called a cab. The cab took me to Model City Apartments. A boy in B building took me to Church Hill. This is a true and accurate statement to the best of my knowledge.

The record also indicates that the Defendant did not have a car or other means of transportation available at the time of the robbery. Mrs. Brewer, the victim, testified that prior to the robbery and while he was in the gas station, "he decided to go back outside because he said he didn't want to miss his wife," indicating that he was waiting for a ride. To infer that the Defendant acted with anything other than a single intent would be mere speculation on the part of a jury or a reviewing court, and would be completely unsupported by the evidence.

We hold that the facts of this case cannot support a conviction of both armed robbery and grand larceny. The Court of Criminal Appeals was correct in setting aside the grand larceny conviction and we affirm that ruling.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.