IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
OCTOBER 1993 SESSION

**FILED**

**February 1, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9307-PB-00219 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Hon. James R. Everettt, Jr., Judge |
| | ) | |
| JEFFERSON PENNINGTON, | ) | (Dismissal of DUI - State appeal) |
| | ) | |
| Appellee. | ) | |

**DISSENTING OPINION**

I dissent.  I agree with the majority opinion that the twelve-hour detention without allowing bond under the policy stipulated by the parties to exist constituted punishment.  In this respect, I believe that the policy would result in serious violations of an arrestee's statutory and constitutional rights, from illegal detention through illegal denial of bail into fundamental violation of due process.  However, I do not believe that the Double Jeopardy Clause of either the Fifth Amendment to the United States Constitution or Article I, Section 10 of the Tennessee Constitution is implicated in this case.

The double jeopardy clauses of the United States and Tennessee constitutions protect against both multiple prosecutions for and multiple punishments for the same offense.  See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076 (1969); United States v. Johnson, 584 F.2d 148, 153 (6th Cir. 1978), cert. denied, 400 U.S. 918 (1979); State v. Lowery, 667 S.W.2d 52 (Tenn. 1984).  In this respect, the defendant seeks to defend the trial court's conclusion that he was punished by the detention without a prior adjudication of guilt and that, therefore, the

state was violating his right against multiple punishments by pursuing the DUI prosecution. He relies upon United States v. Halper, 490 U.S. 435, 448-49, 109 S. Ct. 1892, 1902 (1989) in which the Supreme Court held "that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution."

However, for double jeopardy purposes the defendant's position, and that of the majority opinion by implication, depends upon certain assumptions that I am unwilling to make on the record before us. The defendant assumes that the twelve-hour detention was punishment for the same conduct that, if proven, will result in his punishment in the DUI prosecution. I view the detention as stemming from the defendant refusing to take the breath test, not from him being found to be driving under the influence. Therefore, I cannot say that the detention constitutes punishment for the "same offense," i.e., DUI. See Blockburger v. United States, 284 U.S. 299, 304 52 S. Ct. 180, 182 (1932); State v. Black, 524 S.W.2d 913, 919 (Tenn. 1975).

Also, I note that under T.C.A. § 55-10-406(a)(3), refusing to submit to a blood alcohol test after being arrested results in suspension of a driver's license for six months. The determination of whether this statute has been violated is to be made by the trial judge during the prosecution of the offense for which the driver was arrested. T.C.A. § 55-10-406(a)(3). It is significant that the sanction available for refusing to take a blood alcohol test is not contingent upon a defendant being convicted of the offense for which the person is charged. This reflects that the legislature intended that the two issues, based upon separate conduct, be treated separately, albeit in the same proceeding.

2

Obviously, the sanction of detention is not authorized for refusing a test. However, this does not bring into play the Double Jeopardy Clause. In fact, it is also significant that the defendant will be entitled, if convicted, to credit upon any sentence imposed for the time he spent in confinement relative to this case. See T.C.A. § 40-23-101(b). In this respect, I cannot say that either multiple prosecutions or multiple punishments will be incurred in this case, regardless of whether the conduct in issue is viewed to involve the "same offense."

_____
Joseph M. Tipton, Judge