IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. ROBERT GOBER

### Direct Appeal from the Circuit Court for Robertson County
No. 97-0404     Robert W. Wedemeyer, Judge

### No. M1999-01425-CCA-R3-CD - Decided July 7, 2000

The Defendant was convicted of two counts of aggravated assault.  For these crimes, he was sentenced to concurrent terms of eight years to be served in the Department of Correction as a Range II, multiple offender.  On appeal, he challenges the sufficiency of the convicting evidence and argues that he was improperly sentenced.  We affirm the judgment of the trial court.

**Tenn. R. App. R. 3 Appeal as of Right; Judgment of the Trial Court is Afirmed.**

WELLES, J., delivered the opinion of the court, in which SMITH, J., and WILLIAMS, J., joined.

Michael R. Jones, Public Defender, Fred W. Love, Assistant Public Defender, for the appellant, Robert Gober.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, John Carney, District Attorney General, Joel Perry, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 11, 1997, the Defendant attended a cookout which was being held to celebrate Mother's Day.  Although the Defendant was not related to the family which had gathered for Mother's Day, he arrived at the party with a family member who had been invited.  An argument developed between the "mother" in whose honor the family had gathered and her brother.  The Defendant involved himself in the argument, which then quickly escalated into an altercation during which the Defendant brandished a knife, resulting in two people being cut.

The Defendant was subsequently charged with public intoxication, disorderly conduct and two counts of aggravated assault.  He waived his right to a jury trial, and the charges were heard by the trial judge.  The judge found the Defendant not guilty of public intoxication or disorderly conduct, but guilty of both counts of aggravated assault.  The Defendant was determined to be a Range II, multiple offender and was sentenced to concurrent terms of eight years incarceration, the mid-range for his crimes.  On appeal he argues (1) that the evidence is insufficient to support his convictions, (2) that the trial court erred in finding him to be a Range II offender, (3) that his

sentences are excessive, and (4) that he should have been given a sentencing alternative not involving incarceration.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992) (citing State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1976), and State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977)); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Holt v. State, 357 S.W.2d 57, 61 (Tenn. 1962).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914 (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191 (citing Cabbage, 571 S.W.2d at 836). Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914.

The Defendant's convictions for aggravated assault were based on the trial court's finding that the Defendant intentionally or knowingly caused the victims to reasonably fear imminent bodily injury while using or displaying a deadly weapon. See Tenn. Code Ann. § 39-13-102(a)(1)(B). The trial court heard witnesses testify that after the Defendant was asked to leave a family gathering, he brandished a "boot knife" with a six to eight inch blade, swung the knife and cut a seventeen-year-old female. This victim testified that when she saw the knife, she was afraid that she was going to be injured. Immediately after the first victim was cut and in the turmoil that followed, the Defendant either "swung" his knife or "stabbed at" the other victim, who testified that he received a puncture wound approximately a half inch to three-quarters of an inch deep. He testified that as soon as he saw the knife, he feared that he would be injured. No evidence was presented that anyone other than the Defendant was armed with any type of weapon. In arguing that the evidence is insufficient to support his convictions, the Defendant points to inconsistencies in the testimony of the witnesses which he asserts casts doubt upon their credibility. The trier of fact resolved the credibility issues against the Defendant, as do we on appeal. See Tuggle, 639 S.W.2d at 914.

The Defendant also argues that the State failed to prove the necessary mens rea of "intentionally or knowingly." A person acts intentionally if the person consciously desires to engage in the conduct or cause the result. Tenn. Code Ann. § 39-11-106(a)(18). A person acts knowingly when a person is aware that the conduct is reasonably certain to cause the result. Id. § 39-11-106(a)(20).

The trier of fact may infer a criminal defendant's intent from the surrounding facts and circumstances. State v. Lowery, 667 S.W.2d 52, 57 (Tenn. 1984). The actions of a defendant

constitute circumstantial evidence of his intent. State v. Holland, 860 S.W.2d 53, 59 (Tenn. Crim. App. 1993). In most cases, the fact-finder must infer the defendant's intent from circumstantial evidence. See id. at n.14. We believe the proof clearly supports a finding that the Defendant acted intentionally or knowingly at the time he assaulted these victims with a knife; thus, the evidence presented is sufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt. This issue is without merit.

The Defendant next argues that he was improperly sentenced. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The Defendant first argues that the trial court erred in finding that he should be sentenced as a Range II, multiple offender. He acknowledges that the State filed its notice of intent to seek enhanced punishment in a timely manner. See Tenn. Code Ann. § 40-35-202. The record is clear that the State gave the Defendant proper notice of three prior felony convictions, including the nature of the convictions, the dates of the convictions and the identity of the courts in which the convictions occurred. Because the State did not introduce certified copies of the prior convictions at the sentencing hearing, the Defendant argues that the State did not meet its burden of proving that the Defendant qualified for Range II sentencing.

At the beginning of the sentencing hearing, in response to a question by defense counsel, the assistant district attorney stated to the sentencing judge, "Your honor, there is a Range II notice filed by the State. You should have the attached copies of prior convictions of Mr. Gober." The Court noted that a presentence report had been filed and that he had defense counsel's notice of proposed mitigating factors. The presentence report was entered into evidence, and no further proof was offered at the sentencing hearing. No further issue was raised concerning the Defendant's prior convictions or his Range II status.

The Defendant was convicted of two Class C felonies. To support a Range II sentencing classification, the State was required to establish that the Defendant had at least two prior felony convictions. See id. § 40-35-106(a)(1). The convictions set forth in the State's notice of prior convictions were as follows: (1) a 1988 conviction for the sale of a controlled substance for which the Defendant received a seven-year sentence; (2) a 1990 conviction for theft over one thousand dollars for which the Defendant received a two-year sentence; and (3) a 1991 conviction for escape for which the Defendant received a one-year sentence. These convictions are also listed as a part of the Defendant's prior record contained in the presentence report.

All three felony convictions upon which the State relied to establish the Defendant's Range II status were entered in the Robertson County Circuit Court, the same court in which the Defendant was convicted herein. The State's notice provided the Defendant with the date of conviction, the nature of the offense, and the docket number in the Robertson County Circuit Court. These offenses were again listed in the presentence report. At the beginning of the hearing, the State made reference to "the attached copies of prior convictions of Mr. Gober." The Defendant raised no factual issue concerning the validity of the prior convictions. Based on our review of the record, we conclude that the record supports the trial judge's finding that the Defendant qualified as a Range II offender beyond a reasonable doubt. See State v. Anthony D. Hines, No. 01C01-9406-CC-00189, 1995 WL 316304 (Tenn. Crim. App., Nashville, May 25, 1995); Tenn. Code Ann. § 40-35-106(c).

The Defendant further argues that the trial court erred in setting his sentences at eight years and in denying him an alternative sentencing option. As a Range II offender, the Defendant's sentencing range was six to ten years. Tenn. Code Ann. § 40-35-112(b)(3). For each offense, the trial court set the Defendant's sentence at eight years and ordered the sentences served concurrently in the Department of Correction. The trial court found as an enhancement factor that the Defendant had a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range. See id. § 40-35-114(1). In addition to the convictions already discussed, the presentence report reflects convictions for public intoxication, passing forged papers, assault and "harassment." The record clearly supports the application of this enhancement factor.

In addition, the trial court found that the Defendant had no hesitation about committing a crime when the risk to human life was high. See id. § 40-35-114(10). It is clear from this record that other individuals were in the proximity of the Defendant when he pulled and "swung" his knife and committed these assaults. This enhancement factor may be applied where the Defendant creates a high risk to the life of a person other than the victim. See State v. Bingham, 910 S.W.2d 448, 452 (Tenn. Crim. App. 1995). We believe the record supports the application of this enhancement factor.

The trial court also considered and applied three mitigating factors, but found that the enhancement factors outweighed the mitigating factors. Accordingly, it set the Defendant's sentence in the middle of the range. We conclude that this eight-year sentence is adequately supported by the evidence in the record below.

Because the Defendant was sentenced as a Range II offender, he was not entitled to the presumption that he is a favorable candidate for an alternative to incarceration. See Tenn. Code Ann.

§ 40-35-102(6). We believe the Defendant's rather extensive criminal record adds support to the trial court's presumptively correct decision that the Defendant serve his sentence in the Department of Correction.

The judgment of the trial court is accordingly affirmed.