IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1999 SESSION


FILED

October 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀C.C.A. No. 01C01-9807-CC-00320
⠀⠀⠀⠀Appellee,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Franklin County
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Honorable Buddy D. Perry, Judge
DELBERT G. MOSHER,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀(Attempt to Commit Aggravated Sexual Battery)
⠀⠀⠀⠀Appellant.⠀⠀⠀⠀⠀⠀)

FOR THE APPELLANT:

PHILIP A. CONDRA
District Public Defender

FRANCIS W. PRYOR, JR.
Assistant Public Defender
200 Betsy Pack Drive
P. O. Box 220
Jasper, TN 37347-0220

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

JAMES MICHAEL TAYLOR
District Attorney General

WILLIAM B. COPELAND
Assistant District Attorney General
265 Third Avenue, Suite 300
Dayton, TN 37321

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

# O P I N I O N

On May 6, 1997, a Franklin County grand jury indicted the defendant, Delbert G. Mosher, on two counts of aggravated sexual battery. On January 9, 1998, a jury found the defendant guilty of two counts of the lesser included offense, attempt to commit aggravated sexual battery. After a sentencing hearing on March 4, 1998, the trial court sentenced the defendant to the maximum of ten years for each conviction to run consecutively for a total of twenty years. After denial of his post trial motions, Mosher timely appealed. Based upon our review of the record, and of applicable law, we affirm the order of the trial court.

The defendant raises two issues on appeal:

I. Was the evidence sufficient to support a finding by a rational trier of fact of the defendant's guilt of criminal attempt to commit aggravated sexual battery in both counts?

II. Were the sentences imposed in compliance with the requirements of Tenn. Code Ann. § 40-35-101, et seq. and were consecutive sentences properly imposed?

The defendant, age 63, lived in the same trailer park as the 11-year-old victim. The victim lived across the street with her mother, stepfather, and 3-year-old sister. The victim and her sister often went to the defendant's trailer to play board games and watch television. The defendant developed a close relationship with the girls who called him "Grandpa." The victim's parents were friendly with the defendant and trusted him to be with the girls.

The victim spent the night at the defendant's trailer on several occasions. One night the victim awoke to find the defendant licking the inside of her knee. Another night while the defendant and the victim were playing a game in his trailer, the defendant removed the victim's pants and tried to remove her shirt. The victim also described how the defendant tried to touch her "private part" and her bottom and how he played a game, "like licking ice cream," when he tried to lick or kiss her stomach. The victim testified the defendant got on top of her and touched her "private" with his thumb. She also stated the defendant told

2

her not to tell anyone about what they did in his trailer.

The victim reported the defendant's actions to her stepfather who informed the police. The defendant was arrested and ultimately convicted of two counts of attempt to commit aggravated sexual battery.

The jury convicted the defendant of two counts of attempted aggravated sexual battery. Here, the defendant challenges the sufficiency of the evidence on only one count.

## I.
## SUFFICIENCY OF THE EVIDENCE

When a challenge is made to the sufficiency of the evidence, the standard for appellate review is whether, after considering the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The defendant's burden of showing insufficiency is heavy, since all conflicts in testimony are resolved in favor of the State, and the State is entitled to the strongest legitimate view of the evidence as well as all reasonable or legitimate inferences that may be drawn therefrom. State v. Burns, 979 S.W.2d 276, 287 (Tenn. 1998).

To obtain a conviction for attempted aggravated sexual battery, the State must prove the defendant acted with the intent to complete a course of action that would constitute aggravated sexual battery and his conduct constituted a substantial step toward the commission of the offense. Tenn. Code Ann. § 39-12-101 (1997). Aggravated sexual battery, as applicable here, is defined as unlawful sexual contact with a victim by the defendant where the victim is less than thirteen years of age. Tenn. Code Ann. § 39-13-504( a)(4) (1997).

The evidence presented showed the victim was 11 years old. On one occasion, the victim awoke to find the defendant licking the inside of the her knee. For this count, the

3

defendant argues the inside of the knee does not meet the statutory definition of intimate body part. See Tenn. Code Ann. § 39-13-501(1) (1997). However, regardless of whether the inside of the knee is an intimate body part, the jury could have reasonably inferred the defendant's licking of the victim's knee to be a substantial step toward the commission of aggravated sexual battery. See State v. Lowry, 667 S.W.2d 52, 57 (Tenn. 1984) (stating jury may infer defendant's intent when inference is supported by sufficient facts and circumstances).

The victim further testified that on another occasion, the defendant removed her pants and tried to remove her shirt. According to the victim, the defendant also licked or kissed her stomach and touched her "private" with his thumb.

Based upon our review, sufficient evidence exists to support the jury's verdict on both counts.

## II.

## SENTENCING

Here, the defendant challenges the trial court's classification of him as a Range II offender, the imposition of the maximum sentence on each count, and the imposition of consecutive sentences.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a *de novo* review of the sentence with the presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting a *de novo* review of a sentence, the Court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f)

4

any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, & -210. See State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

### A. Classification as a Range II Offender

The State has the burden of proof to establish the sentencing status of the defendant. The State must file a written notice of intent to seek an enhanced range of punishment ten days before trial with the notice setting forth the nature of the prior convictions, the dates of the convictions, and the identity of the courts in which the convictions occurred. Tenn. Code Ann. § 40-35-202(a) (1997). The trial court may sentence a defendant as a Range II offender when it finds beyond a reasonable doubt that the defendant is a multiple offender.

A multiple offender is a defendant who has received "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." Tenn. Code Ann. § 40-35-106(a)(1) (1997). Convictions for multiple felonies, committed as part of a single course of conduct within twenty-four hours, constitute one conviction for the purpose of determining prior convictions. Tenn. Code Ann. § 40-35-106(b)(4) (1997).

Prior convictions include convictions under the laws of any other state which, if committed in Tennessee, would have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given. Tenn. Code Ann. § 40-35-106(b)(5) (1997). The appropriate analysis of prior out-of-state convictions is under Tennessee law as it existed at the time of the out-of-state conviction. State v. Brooks, 968 S.W.2d 312, 313-14 (Tenn. Crim. App. 1997), perm. app. denied (Tenn. 1998).

In the case *sub judice*, the State timely filed a notice of intent to seek an enhanced

range of punishment. The State's notice included four out-of-state convictions:

> 1990 Palm Springs County, Florida: #90002767CFA02 - Lewd Assault, Sexual Battery, Possession of Sexual Photographs;

> 1984 Palm Springs County, Florida: #84006097CFA02 - Lewd Assault.

For range enhancement purposes, a "certified copy of the court record of any prior felony conviction, bearing the same name as that by which the defendant is charged in the primary offense, is prima facie evidence that the defendant named therein is the same as the defendant before the court, and is prima facie evidence of the facts set out therein." Tenn. Code Ann. § 40-35-202(a) (1997). In the present case, the State did not introduce certified copies of the defendant's prior convictions. Instead, the State called Laura Prosser, the Tennessee Department of Corrections employee who prepared the presentence report. Prosser testified that she contacted Florida officials who provided information concerning the defendant's prior convictions. Such testimony is allowable as proof of an out-of-state conviction during a sentencing hearing. See Tenn. Code Ann. § 40-35-209(b) (1997) ("The rules of evidence shall apply, except that reliable hearsay including, but not limited to, certified copies of convictions or documents, may be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted.").

The trial court made no finding as to whether the defendant's three 1990 crimes were committed as part of a single course of conduct within twenty-four hours. See Tenn. Code Ann. § 40-35-106(a)(1) (1997). Because such findings were not made for the record, the presumption of correctness does not apply and we must review this portion of the sentencing determination *de novo*. In fact, no evidence was presented concerning the circumstances of the three 1990 convictions. As the burden of proof is on the State to establish the defendant's sentencing status, we cannot assume the three crimes did not take place within a twenty-four hour period. Because the State had the burden of proof, the defendant must get the benefit of any doubt. State v. Jones, 901 S.W.2d 393, 397 (Tenn. Crim. App. 1995). For these reasons, the three 1990 convictions must be treated

6

as one conviction for the purpose of establishing the appropriate sentencing range.

In 1990 under Tennessee law, sexual battery was classified as a Class E felony. Tenn. Code Ann. § 39-13-505(4)(c) (1991).  Therefore, the defendant's 1990 conviction for sexual battery counts as one conviction under Tenn. Code Ann. § 40-35-106(a)(1) (1997).  We are then left to consider the 1984 conviction for lewd assault.

Lewd assault was not a named felony in Tennessee in 1984.  The trial court could have used the elements of lewd assault to make an on the record classification of the offense based on Tennessee law in effect in 1984.  However, because no such finding was made, the presumption of correctness does not apply and we must review this portion of the sentencing determination *de novo*.

In Florida, at the time the defendant committed the crime in 1984, lewd assault was defined as:

> Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit involuntary sexual battery shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083 or §775.084.

Fla. St. Ann. § 800.04 (1979) (amended 1984).

The elements of lewd assault, as described in Fla. St. Ann. § 800.04 (1979) (amended 1984), are equivalent to those of sexual battery as it existed under Tennessee law in 1984 which was a felony, punishable by confinement for not more than five years in the penitentiary.  Tenn. Code Ann. § 39-2-607 (1982).  Thus, the defendant's 1984 conviction for lewd assault counts as a felony conviction under Tenn. Code Ann. § 40-35-106(a)(1) (1997).

Based on our analysis of the defendant's out-of-state convictions, the defendant has two, but not more than four prior felony convictions within the conviction class, a higher

class, or within the next two lower felony classes. For this reason, the defendant was properly classified as a Range II offender. See Tenn. Code Ann. § 40-35-106(a)(1) (1997).

## B. Imposition of the Maximum Sentence

In the case *sub judice*, the trial court found the existence of four enhancement factors listed in Tenn. Code Ann. § 40-35-114 (1997):

>(1)     The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

>(8)     The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;

>(13)    The felony was committed while on any of the following forms of release status if such release is from a prior felony conviction: . . . (C) Probation; and

>(15)    The defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense.

The court found no applicable mitigating factors.

Enhancement factor (8) was improperly applied. No evidence exists in the record that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. The fact that these offenses were committed while the defendant was on probation is applicable to enhancement factor (13), which the trial court also found was applicable.

In 1990, the defendant was convicted of lewd assault and possession of sexual photographs. These convictions are in addition to those necessary to establish the appropriate range. Thus, enhancement factor (1) was properly applied. Likewise, enhancement factor (15) was applicable, as the trial court determined, because ample evidence also exists that the defendant abused a position of trust. Testimony showed the defendant cultivated a close relationship with the victim and her family. The victim's parents trusted the defendant with their two young children. The victim referred to the

defendant as "Grandpa" and often spent time alone with him. See State v. Kissinger, 922 S.W.2d 482, 488 (Tenn. 1996).

Even though we have found one of the four enhancement factors was improperly applied, we do not find that the trial court erred in imposing the maximum sentence of ten years on both counts. See State v. Keel, 882 S.W.2d 410, 423 (Tenn. Crim. App.), perm. app. denied (Tenn. 1994) ("mere fact that this Court has found the trial court erroneously applied enhancement factors . . . does not mean the appellant is entitled to have his sentence reduced"). Attempted aggravated sexual battery is a Class C felony. Tenn. Code Ann. §§ 39-12-107 & 39-13-504(b) (1997). A Range II sentence for a Class C felony is a sentence of not less than six nor more than ten years. In sentencing a Range II offender, the trial court is to begin at the minimum sentence in the range. If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210 (1997). Based on our review of the record and the applicable enhancement factors, the maximum sentence of ten years on each count was appropriate.

### C. Imposition of Consecutive Sentences

Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115 (1997). This section allows consecutive sentencing, at the discretion of the trial court, if one of the seven statutory criteria is found to exist by a preponderance of the evidence. The trial court found § 40-35-115(b)(6) ("The defendant is sentenced for an offense committed while on probation") applied in this case.

The record reveals ample evidence supporting the trial court's decision to order consecutive sentences. The defendant has committed similar crimes in the past. He has also served portions of two separate prison sentences for sex-related crimes against children. Considering the defendant's criminal history and the nature of his present crime, we find the trial court's decision to order consecutive sentencing was proper.

This assignment has no merit.

For the foregoing reasons, we affirm the decision of the court below.

_____
ALAN E.  GLENN, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE