IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 26, 2002

## STATE OF TENNESSEE v. JAMES STANLEY BECKMAN, SR.

**Direct Appeal from the Circuit Court for Bedford County**
**No. 14942     F. Lee Russell, Judge**

_____

**No. M2002-00401-CCA-R3-CD - Filed June 30, 2003**

_____

The appellant, James Stanley Beckman, Sr., was indicted by the Bedford County Grand Jury on one count of theft over $10,000 in July 2001. After a jury trial, the defendant was convicted as a Range I offender, and sentenced to four years at thirty percent in the Tennessee Department of Correction. On January 4, 2002, the appellant filed a motion for a new trial which was denied on February 22, 2002. In this appeal, the appellant raises the issue of whether the evidence is sufficient for a conviction of theft of property over $10,000. After a review of this record we find that the evidence is sufficient. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, joined.

Andrew Jackson Dearing, III, Shelbyville, Tennessee, for appellant, James Stanley Beckman.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Michael Randles, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

Background

On July 7, 2001, Ms. Elizabeth Wright, wife of Mr. Louis Wright who is a logger, heard a vehicle start in front of their home. Since Mr. Wright had left earlier to take a load of logs to Fayetteville, she thought it might be him returning home. Ms. Wright looked outside and was surprised to see someone else driving off in their log skidder.

Ms. Wright immediately called her husband to determine if he had authorized anyone to borrow the skidder. Upon finding out that he did not, she asked her son to call the police and proceeded to follow the skidder. When she caught the skidder she honked for the driver to stop. Appellant then motioned Ms. Wright to drive past him. She drove past him and stopped her vehicle, jumped out of the car and waved for appellant to stop. Appellant stopped the skidder and came face-to-face with Ms. Wright. Appellant then identified himself as James and told Ms. Wright that the reason he was in the skidder was that he needed a ride. Ms. Wright then called the authorities on a by-stander's cell phone and ordered the appellant to stay put. Appellant ignored Ms. Wright and started walking through the woods.

Deputy David Williams responded to the call. Deputy Williams started down to the river to look for the appellant. He was not able to locate the appellant but he did find a nude woman passed out in a canoe. Upon further investigation, Deputy Williams learned that the woman, her husband Jeff Bledsoe, and the appellant had been fishing and drinking earlier in the day. The officer noticed cuts to the side of Mr. Bledsoe's head.

The appellant testified that on Friday, July 6th, he, Mr. Bledsoe and Bledsoe's wife left to go a fishing trip. On July 7th, Bledsoe and his wife got into a fight. The appellant attempted to intervene and was hit by Mr. Bledsoe. The appellant then hit Bledsoe with the boat paddle, the appellant jumped in the river and took off. Fearing that he would be stabbed by Bledsoe, appellant found the skidder and took it. He contends that he left the scene, after Ms. Wright had stopped him, because he was drunk and made a stupid mistake. Appellant claimed he was going to leave the skidder at a nearby store.

### Sufficiency of the Evidence

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof. State v. Tilson, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Id. at 779.

Tenn. Code Ann. § 39-14-103 states: "A person commits theft of property if, with intent to deprive the owner of the property, the person knowingly obtains or exercises control over the property without the owner's effective consent." If the value of the property is over ten thousand dollars but less than sixty thousand dollars, the crime is a Class C felony. Tenn. Code Ann. §39-14-105(4).

The appellant admits to taking the skidder without the consent of the owner. However, he maintains he never meant to steal it, but rather he was trying to escape Mr. Bledsoe who had threatened him with a knife. Mr. Bledsoe testified that he was not carrying a knife nor was he chasing the appellant. The defendant also claimed that he planned to leave the skidder at a nearby store where he could make a phone call. However, as the State determined during cross-examination, the appellant never asked Ms. Wright to use her phone, nor did he wait for the police to arrive where he stopped the skidder.

Consequently, the appellant contends that although he took the skidder he should have only been convicted of the lesser-included offense of unauthorized use of automobiles, or other vehicles, commonly referred to as joyriding. Tenn. Code Ann. § 39-14-106 states:

> A person commits a Class A Misdemeanor who takes another's automobile, airplane, motorcycle, bicycle, boat or other vehicle without the consent of the owner and the person does not have the intent to deprive the owner thereof.

The definition of "deprive" is found in Tennessee Code Annotated § 39-11-106(8)(a) stating:

> "Withheld property from the owner or for such as period of time as to substantially diminish the value or enjoyment of the property to the owner."

Although the appellant's taking of the skidder ended quickly, the jury could reasonably conclude that he intended to deprive the Wrights of their property, even if only for a short time, thereby diminishing their use or enjoyment. See State v. Marvin Brown, No. 2000-00038-CCA-R3-CD, 2001 WL 385382 (Tenn. Crim. App. April 16, 2001)(recognizing that short time span between theft and apprehension does not negate State proof concerning intent).

"[A] jury may infer a criminal defendant's intent from the surrounding facts and circumstances." State v. Lowery, 667 S.W.2d 52, 57 (Tenn. 1984). The appellant claimed that he was being chased and needed the skipper to escape and seek help. But testimony shows that appellant neither sought assistance at the Wrights' home, nor did he wait for the police at the scene. Moreover the jury certainly concluded from Mr. Bledsoe's testimony that the appellant's testimony about being chased was false. Even though the trial judge instructed the jury on the lesser-included offense of joyriding, the jury concluded that Appellant was guilty of Theft of Property over $10,000.

Based upon our review of the record presented on appeal, we find that the evidence is sufficient to support the conviction.

<u>Conclusion</u>

Based on the foregoing, the judgment of the trial court is AFFIRMED.

_____

JERRY L. SMITH, JUDGE